UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14011-CV-ROSENBERG
MAGISTRATE JUDGE REID

JOHNATHAN SHERWIN,

    Plaintiff,

v.

MARTIN COUNTY SHERIFF'S OFFICE,
et al.,

    Defendants.
_____/

## **REPORT OF MAGISTRATE JUDGE**

### I.    Introduction

This Cause is before the Court upon *pro se* Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff is currently incarcerated at Martin County Jail. At present, no Defendants have been served.

This case has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the District Court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (c); Fed. R. Civ. P. 72(b), and S.D. Fla. Admin. Order 2019-2. [ECF No. 7].

For the reasons stated in this Report, Plaintiff's Complaint should be **DISMISSED** for failure to state a claim because it is an impermissible shotgun pleading, or fails to raise a cognizable claim, and it is otherwise futile to amend.

## II.    Analysis

### A. Applicable Law for Screening

Although 28 U.S.C. § 1915(e) applies only to those proceeding *in forma pauperis*, a court has the authority to dismiss a complaint for failure to state a claim regardless of whether the inmate is able to pay the filing fee. 28 U.S.C. § 1915A(b)(1). Section 1915A requires screening of any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id*. § 1915A(b); *see also Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (*per curiam*) ("A district court may dismiss *sua sponte* a complaint [under § 1915A] if it . . . fails to state a claim." (quotation omitted)). The standard employed in this screening is the same as the standard used for a motion to dismiss. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). The facts alleged in the complaint are accepted as true; and the complaint will not be dismissed if it "include[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1106-07 (11th Cir. 2015) (quotation omitted). Furthermore, courts hold complaints that *pro se* prisoners file to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

### B. Shotgun Pleadings

The leniency afforded to *pro se* litigants does not permit them to file an impermissible "shotgun" pleading. The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type of shotgun pleading is a "complaint containing

multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id*. The next most common type is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third type of shotgun pleading is one that does not separate into a different count each cause of action or claim for relief. *See id.* Fourth, and finally, there is the relatively rare shotgun pleading that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *See id.*

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Indeed, shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). The Eleventh Circuit, thus, has established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

### C. Facts of the Complaint

Plaintiff sues the following Defendants in their individual and official capacities:

1. Martin County Sheriff's Office;

    2.   William Snyder, Sheriff;

    3.   Deputy James Maltese; and

    4.   "others unknown"

[ECF No. 1 at 1, 6].

Plaintiff alleges that he was arrested on October 11, 2019, for felony battery,[1] was booked into the Martin County Jail, and was released on bond. [*Id*. at 1-2]. Plaintiff claims he was interviewed by police based on false allegations made by his girlfriend that he molested her three-year old child. [*Id*. at 2]. Plaintiff asserts he was only "booked" for the felony battery charge. [*Id*.]. Plaintiff claims that the Martin County Sheriff's Office informed a newspaper that he was charged with molestation and failed a polygraph test. [*Id*. at 2-3]. United States Marshals arrested Plaintiff on November 4, 2019, pursuant to a warrant for the molestation charge but because he could not post bond, he remained at the county jail. [*Id*. at 3]. Plaintiff claims he learned through his attorney that the child told officers that Plaintiff did not molest him. [*Id*.]. Still, officers ignored the child's statements, interviewed Plaintiff, and administered a polygraph. [*Id*. at 3-4]. Plaintiff believes his ex-girlfriend, the child's mother, "planned, plotted, and executed" the scenario in retaliation for him telling her "he no longer loved her." [*Id*. at 4]. He claims Deputy Maltese and officers knew the truth and were "overzealous," and "negligen[t]." [*Id*.].

Plaintiff claims the molestation charge was eventually dropped. [*Id*. at 5]. He claims he "suffered defamation . . . loss of employment, loss of his home, loss of wages, [and] loss of

---

[1] Plaintiff is in custody pursuant to Martin County Case No. 432019MM003085, separate from the child molestation case. The online trial docket is now a permanent part of the instant record. Copies of the state court criminal dockets can be found online. *See* Fed. R. Evid. 201; *see also, United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (finding the district court may take judicial notice of the records of inferior courts). Martin County online trial dockets are available at the following URL: https://court.martinclerk.com/Home.aspx/Search. Accessed May 5, 2020.

4

friends/social life." [*Id.*]. Plaintiff seeks $5,000,000 for "emotional distress, mental anguish, and false arrest." [*Id.*].

## D. Sufficiency of the Complaint

When liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, Plaintiff has in no way sufficiently stated a constitutional claim upon which relief can be granted for the reasons set forth.

### III. Discussion

#### A. Shotgun Pleadings are Impermissible

As outlined above, shotgun pleadings are due to be dismissed. Plaintiff names several Defendants, asserts multiple claims against them collectively without specifying which of the Defendants are responsible for which acts or omissions. Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Plaintiff's Complaint is the quintessential shotgun pleading. Consequently, the case is insufficient to state a claim under § 1983 and subject to dismissal under 28 U.S.C. § 1915A. In addition, the Complaint suffers from other deficiencies which require dismissal.

#### B. Defamation is Not a Cognizable Claim under Section 1983

It is well settled "that injury to reputation, by itself, does not constitute the deprivation of a liberty or property interest protected under the Fourteenth Amendment." *Behrens v. Regier*, 422 F.3d 1255, 1259 (11th Cir. 2005) (citing *Paul v. Davis*, 424 U.S. 693, 701-02 (1976)). Generally, "[d]efamation by government officials does not amount to a constitutional deprivation under § 1983." *Kelly v. Broward Sheriff's Office Dep't of Detention's*, 560 F. App'x 818, 820 (11th Cir.

5

2014) (citing *Von Stein v. Brescher*, 904 F.2d 572, 582 (11th Cir. 1990) (defamation not cognizable unless occurring in the course of dismissal from a job or in the termination or significant alteration of some other legal right or status)). In short, because Plaintiff's claims do not arise out of an employment relationship or other legal right, his defamation claim is simply not cognizable.

### C. *False Arrest/Malicious Prosecution*

To the extent, Plaintiff is attempting to raise a false arrest or malicious prosecution claim, such a claim will fail. In a § 1983 claim for false arrest, the plaintiff has the burden of demonstrating the complete absence of probable cause for the alleged false arrest. *See Rankin v. Evans*, 133 F.3d 1425, 1436 (11th Cir. 1998). The standard for determining the existence of probable cause is the same under both Florida and federal law. *Id.*

"That a defendant is subsequently acquitted or charges are dropped against the defendant is of no consequence in determining the validity of the arrest itself." *Marx v. Gumbinner*, 905 F.2d 1503, 1507 (11th Cir. 1990). The existence of probable cause constitutes an absolute bar to a § 1983 action for false arrest. *See id.* at 1505.

A police officer is generally entitled to rely on a victim's criminal complaint as support for probable cause. *See Rankin*, 133 F.3d at 1441. Probable cause does not require overwhelmingly convincing evidence but only "reasonably trustworthy information." *Marx*, 905 F.2d at 1506 (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). Probable cause must be judged not with a clinical detachment but with a common-sense view to the realities of normal life. *See id.*; *see also Lee v. Geiger*, 419 So. 2d 717 (Fla. 1st DCA 1982) (a police officer does not have to conduct a perfect investigation*); LeGrand v. Dean*, 564 So. 2d 510 (Fla. 5th DCA 1990) (child victim eyewitness testimony established probable cause); *Doorbal v. State*, 837 So. 2d 940 (Fla. 2003). Consequently,

the facts should not be viewed from a plaintiff's point of view or as known to a plaintiff or to the court later in the case. *See Jones v. Cannon*, 174 F.3d 1271, 1283, n. 4 (11th Cir. 1999).

Plaintiff provides no information or factual support that there was no probable cause for his arrest or that he was illegally arrested. Rather, he admits that he was arrested pursuant to a warrant. Review of the online criminal docket reveals the warrant, issued by the state judge, states that probable cause existed although the State later filed a "No Information" in the case.[2] The case is closed.

### D. Mental and Emotional Injury

Even assuming Plaintiff had sufficiently alleged some claim under § 1983, Title 42 U.S.C. § 1997e(e) provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.

The Eleventh Circuit has determined that the phrase "'[f]ederal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2000) (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (*en banc*)).

Section § 1997e(e) is an affirmative defense but comes within the purview of the Court's screening under the PLRA where the allegations of the complaint show that it would bar recovery. *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Douglas v. Yates*, 535 F.3d 1316, 1320-21 (11th Cir. 2008).

---

[2] The online trial docket in Martin County Case No. 190014216CF and certain documents therein are now a permanent part of the instant record.

Here, Plaintiff fails to allege any physical injury whatsoever resulting from any alleged constitutional violations, much less any physical injury that is more than *de minimus*. Accordingly, Plaintiff is precluded from recovering for any mental or emotional injuries.[3]

### E. Respondeat Superior Claims

It is well-established that a municipality may be held liable under Section 1983 only when the deprivation at issue was undertaken pursuant to city "custom" or "policy," and not simply on the basis of respondeat superior. *See St. Louis v. Praprotnik*, 485 U.S. 112, 1258 n. 2 (1988); *see also Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692, 694 (1978).

To prove § 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice, that "although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Praprotnik*, 485 U.S. at 127 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)); *see also McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). More specifically, a plaintiff must prove that: (1) his constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom at issue cause the constitutional violation. *See id*. Random acts or isolated incidents are insufficient. *McDowell*, 392 F.3d at 1290.

Here, Plaintiff's Complaint contains no allegations that any departmental policy or custom caused any officers to engage in an illegal arrest. More importantly, Plaintiff fails to attribute any

---

[3] It is true that where prisoner-plaintiff is prevented from seeking damages for mental or emotional injury by § 1997e(e), nominal damages are still recoverable. *Brooks v. Warden*, 800 F.3d 1295, 1303 (11th Cir. 2015). However, because Plaintiff cannot state any claims upon which relief can be granted for the reasons set forth in this Report, it would be futile to construe Plaintiff's claims as including a prayer for nominal damages, or to allow him to amend to plead one. That is, of course, because if there is no liability, there are no damages, nominal or otherwise.

set of facts to the Sheriff's Office or the Sheriff. At best, Plaintiff alleges his experience is a random or isolated act.

## IV.     Conclusion

Plaintiff fails to state a viable § 1983 claim against the Defendants, warranting dismissal of the entire Complaint. Although district courts must liberally construe *pro se* pleadings, as indicated above, the courts may not "serve as *de facto* counsel" and are not required to rewrite complaints to create a viable cause of action where one does not otherwise exist. *GJR Invs. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

The case should be closed since it is apparent that dismissal with further leave to amend is not appropriate.

### Recommendations

Based upon the foregoing, it is **RECOMMENDED** that this case be **DISMISSED** with prejudice, as it is a shotgun pleading and fails to state a claim against any of the defendants under 42 U.S.C. § 1983. It is also recommended that this case be **CLOSED** by the Clerk of Court.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a de novo determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**SIGNED** this 13th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:     **Johnathan Sherwin**
        895019

9

Martin County Jail  
Inmate Mail/Parcels  
800 SE Monterey Road  
Stuart, FL 34994  
*PRO SE*